IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| MICHAEL DEAN PERRY | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:05cv430 |
| R. SHAW, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Dean Perry, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his lawsuit, Perry complained of various disciplinary cases which he received. He also alludes to other claims, including allegations that he has been given the wrong medication and eyeglasses, that he fell because he was supposed to be in a bottom bunk, and that he has been denied access to the law library and to adequate medical care. As the Magistrate Judge observed, Perry did not link any of these claims to any of the named Defendants in the lawsuit; rather, he made clear that the involvement which the named Defendants have in the lawsuit is with his claims regarding the disciplinary cases.

After review of the pleadings, the Magistrate Judge issued a Report on May 18, 2006, recommending that the lawsuit be dismissed. The Magistrate Judge noted that claims involving disciplinary action must be brought through the vehicle of a habeas corpus petition rather than a civil rights lawsuit, until such time as the disciplinary cases challenged are overturned, set aside,

1

expunged, or otherwise called into question. Edwards v. Balisok, 117 S.Ct. 1584, 1587-88 (1997). Because Perry had not made such a showing with respect to the disciplinary cases complained of, the Magistrate Judge recommended that these claims be dismissed until such a showing was made.

With regard to Perry's other claims, the Magistrate Judge stated that Perry has already brought a second lawsuit raising many of these same issues, but with a more detailed statement of his claims and naming individuals whom he says have personal involvement with these claims. Perry v. Corrections Corporation of America, et al., civil action no. 6:06cv76 (E.D.Tex.). He should be allowed to proceed in this other lawsuit, and his claims on these grounds in the present case should be dismissed without prejudice. *See generally* Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (repetitive IFP lawsuits may be dismissed). In this case, because the other lawsuit was presented in a more proper manner, including more detailed claims and specific statements of personal involvement, Perry should be allowed to proceed in that lawsuit.

Perry also complained that he was being denied access to legal materials. As the Magistrate Judge stated, Perry has been an active litigant, filing numerous motions and pleadings in his lawsuits. He has not shown that he has suffered any harm as a result of the alleged denials of access to legal materials. *See* Lewis v. Casey, 116 S.Ct. 2174, 2179 (1996); Mann v. Smith, 796 F.2d 79, 83 (5th Cir. 1986).

Perry filed objections to the Magistrate Judge's Report on May 31, 2006, essentially reiterating his claims and asking leave to file an amended complaint. Since the Magistrate Judge's Report was issued, Perry has also filed a motion to appoint counsel, a motion to amend the complaint (which did not include a copy of the proposed amended complaint) and a motion for reconsideration complaining, incorrectly, that the Magistrate Judge ruled on his lawsuit without jurisdiction to do so.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded

that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff, as well as the motions which he has filed following the entry of the Magistrate Judge's Report, are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff's claims concerning the disciplinary cases which he has received are hereby DISMISSED without prejudice to his right to challenge these cases through any lawful means, including but not limited to an application for the writ of habeas corpus under 28 U.S.C. §2254. Should one or more of Perry's disciplinary cases be reversed, expunged, or otherwise called into question, he may refile a Section 1983 civil rights lawsuit regarding such cases. It is further

ORDERED that any claims which the Plaintiff may raise in this lawsuit concerning denial of proper medical care, denial of access to court or to the law library (including confiscation of legal materials), assignment to a top bunk and a subsequent fall therefrom, receipt of the wrong medication and eyeglasses, being required to take GED classes, and a change in medical restrictions without an examination be and hereby are DISMISSED without prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 17th day of July, 2006.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE